Edwin Aiwazian (Cal. State Bar No. 232943)
  *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
  *arby@calljustice.com*
Jacob Karczewski (Cal. State Bar No. 268295)
  *jacob@calljustice.com*
Talar DerOhannessian (Cal. State Bar No. 311687)
  *talar@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
 Telephone:    (818) 265-1020
 Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff Yvonne Wilson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE WILSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZENITH AMERICAN SOLUTIONS, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 4:20-cv-05617-JST<br><br>Honorable Jon S. Tigar<br><br>**<u>CLASS ACTION</u>**<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF YVONNE WILSON**<br><br>Date:         November 17, 2022<br>Time:        2:00 p.m.<br>Courtroom: 6  (2nd Floor)<br><br>Complaint Filed: June 16, 2020<br>SAC Filed:          July 23, 2021<br>Trial Date:          Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **November 17, 2022** at **2:00 p.m.**, or as soon thereafter as may be heard in Courtroom 6 of the United States District Court for the Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, CA 94612, Counsel for Plaintiff Yvonne Wilson ("Plaintiff") Lawyers *for* Justice, PC ("LFJ" or "Plaintiff's Counsel") will and hereby does move for an order pursuant to Civil Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(b)(5) allowing them to withdraw from this action.

The basis for this motion is the breakdown of the attorney-client relationship and issues regarding breach of the retention agreement.

A proposed order is attached.

Dated: August 17, 2022                    **LAWYERS *for* JUSTICE, PC**

By: /s/ *Talar DerOhannessian*
Talar DerOhannessian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Counsel for Plaintiff Yvonne Wilson ("Plaintiff") respectfully submit this memorandum in support of their motion to withdraw as counsel of record for Plaintiff, pursuant to Civil Local Rule 11-5(b) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(b)(5). Despite a sustained effort by Plaintiff's Counsel to salvage the attorney-client relationship, Plaintiff remains unresponsive. As a result of actions taken by Plaintiff–actions which also violate the attorney-client agreement between Plaintiff and her counsel–Plaintiff's Counsel has reached an impasse in the attorney-client relationship to such an extent that they cannot continue to represent Plaintiff in this case while meeting the proper obligations placed on counsel by the Federal Rules of Civil Procedure and this Court's rules.

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Good cause exists to grant a motion to withdraw where there is a breakdown in the attorney-client relationship due to a client's failure to communicate or cooperate with their counsel. *Holley v. Gilead Scis., Inc.,* No. 18CV06972JSTKAW, 2021 WL 6339046, at *2 (N.D. Cal. Apr. 7, 2021). Likewise, a client's breach of the attorney-client agreement can render representation of that client impossible. *Kihagi v. City of San Francisco, California*, No. 15-CV-01168-KAW, 2019 WL 955284, at *2 (N.D. Cal. Feb. 27, 2019). As set forth in the accompanying Declaration of Talar DerOhannessian, Plaintiff's Counsel have demonstrated that they have made a sustained effort to reach Plaintiff following her nonappearance for her June 17, 2022 deposition. Plaintiff's Counsel never discovered why Plaintiff failed to appear that day and Plaintiff's Counsel have no reasonable expectation that they ever will. Since then, Plaintiff's Counsel can only conclude that Plaintiff is unwilling to continue to work with them on this matter. In addition, Plaintiff's refusal to communicate with Plaintiff's Counsel – especially in light of Plaintiff's refusal to attend her deposition–

constitutes a breach of the legal service agreement between Plaintiff and her counsel.

Realizing that the breakdown of communication has made representation impossible, Plaintiff's Counsel provided Plaintiff with guidance and written notice of their intention to seek permission to withdraw as counsel of record. Following a month of sustained refusal by Plaintiff to respond to any and all communications by Plaintiff's counsel, Plaintiff's Counsel are forced to file this motion.

Counsel for Plaintiff have satisfied notice requirement of California Rules of Professional Conduct Rule 1.16(b)(4) and 1.16(b)(5), providing Plaintiff with notice as early as June 27, 2022, and thereafter, via written notice, of Plaintiff's Counsel's intent to withdraw. In accordance with Civil Local Rule 11-5, Plaintiff's Counsel will transit to Plaintiff any communications from the Court or opposing counsel until Plaintiff retains new counsel, or until the matter concludes in this Court, and will advise Plaintiff of that fact.

Counsel for Plaintiff Wilson respectfully requests that the Court grant their motion to withdraw.

## II.   STATEMENT OF FACTS

Plaintiff filed this action on June 16, 2020 in the California Superior Court for the County of San Francisco. Dkt. No. 1-2, Exh. 1, Exh. A. On August 12, 2020, Defendant Zenith American Solutions, Inc. ("Defendant") removed the action to this Court. Dkt. No. 1. Following two rounds of motion practice on the pleadings, Plaintiff filed her Second Amended Complaint on July 23, 2021. Dkt. No. 47.

Since the filing of this action, and through June 15, 2022, Plaintiff and her counsel remained in regular contact. Declaration of Talar DerOhannessian in Support of Plaintiff's Motion to Withdraw ["DerOhannessian Decl."], ¶ 2. Plaintiff's Counsel and Plaintiff had additional, privileged communications related to the deposition she would attend—the most recent of these communications was telephonic and occurred on June 15, 2022. *Id*. To that date, there appeared to be no issues surrounding Plaintiff's willingness to be involved in this case or to act as a

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

class representative and Plaintiff's Counsel understood that Plaintiff would appear, as expected, in-person, for her deposition on June 17, 2022. *Id.* There was just one occasion where Plaintiff's lack of communication resulted in the need to postpone a previously set deposition for May 6, 2022. *Id., at ¶* 3. As soon as Plaintiff's Counsel found out that Plaintiff was unavailable, she contacted Defense Counsel—who then agreed to reschedule Plaintiff's deposition for June 17, 2022, in Sacramento. *Id.*

On June 16, 2022, Plaintiff's Counsel traveled from Los Angeles to Sacramento in order to defend Plaintiff's deposition. *Id.*, at ¶ 4. On the same day, Plaintiff's Counsel reached out to Plaintiff via email. *Id.*, at ¶ 5. On the morning of June 17, 2022, prior to the 9:00 a.m. start time for the deposition, Plaintiff's Counsel, once again reached out to Plaintiff. *Id.* Plaintiff did not respond. *Id.* When it became clear that Plaintiff was either running late or would be unable to appear, Plaintiff's Counsel and her administrative assistant made a sustained effort to reach Plaintiff for answers by telephone and email. *Id.,* at ¶ 6. After the nonappearance on June 17, 2022, Plaintiff's Counsel continued to attempt contacting Plaintiff via telephone but was ultimately unsuccessful in her efforts to reach Plaintiff and ascertain the reason for Plaintiff's failure to appear. *Id.*

On June 27, 2022, for the first time since June 15, 2022, Plaintiff answered the phone when Plaintiff's Counsel called. *Id.*, at ¶ 7. In an effort to salvage the attorney-client relationship following the prolonged silence from Plaintiff and her failure to attend her deposition, Plaintiff's Counsel, sought the reason for Plaintiff's nonappearance and advised Plaintiff of the utmost importance of complying with her duties as a putative class representative, as well as her obligations under the legal service agreement signed between Plaintiff and her counsel. *Id.* Plaintiff was asked to inform Plaintiff's Counsel of her intentions moving forward, by June 30, 2022; otherwise, Plaintiff's Counsel would seek to withdraw as her counsel of record. *Id.* On June 30, 2022, after receiving no word from Plaintiff, Plaintiff's Counsel called and left a voicemail to follow up. *Id.*, at ¶ 8. Plaintiff's Counsel received no response

3

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF YVONNE WILSON

1  from Plaintiff. *Id*. at ¶ 10.

2  On July 7, 2022, Plaintiff's Counsel sent Plaintiff a letter, via U.S. Mail and
3  electronic mail, regarding the breach of the service agreement, the breakdown in
4  communication between Plaintiff and Plaintiff's Counsel, and Plaintiff's Counsel's
5  intentions to seek the Court's approval to withdraw as counsel of record for Plaintiff,
6  unless Plaintiff provided a response by July 12, 2022. *Id*., at ¶ 9. The letter advised
7  Plaintiff to take steps to employ new counsel if she would no longer work with
8  Plaintiff's Counsel. *Id*. The letter also provided Plaintiff with a list of all time-
9  sensitive deadlines and upcoming hearing dates. *Id*. Along with that letter, Plaintiff
10 was provided electronic and physical copies of all relevant documents and papers
11 from her case file. *Id*.

12 On July 12, 2022, Plaintiff's Counsel filed an Opposition to Defendant's
13 Motion for Sanctions. Dkt. No. 71. In that Opposition, as well as in the
14 accompanying declaration of Talar DerOhannessian in Support of the Opposition,
15 Plaintiff's Counsel provided written notice of their intention to seek to withdraw as
16 counsel of record for Plaintiff. *Id*.

17 To date, Plaintiff's Counsel has not heard back from Plaintiff. *Id., at ¶* 10.
18 The reason for Plaintiff's nonappearance for her June 17, 2022 deposition remains
19 unknown. *Id*. Plaintiff's Counsel is left with no other alternative but to seek the
20 Court's permission to withdraw as Counsel, via this Motion to Withdraw pursuant
21 to Local Rule 11-5.

22 **III.   LEGAL STANDARD**

23 The decision to grant or deny an attorney's motion to withdraw as counsel is
24 committed to the sound discretion of the trial court. *LaGrand v. Stewart*, 133 F.3d
25 1253, 1269 (9th Cir.1998). "Counsel may not withdraw from an action until relieved
26 by order of Court after written notice has been given reasonably in advance to the
27 client and to all other parties who have appeared in the case." Civil L.R. 11-5(a).
28 Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by

simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

In the Northern District of California, withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). California Rule of Professional Conduct 1.16(b)(4), akin to previous Rule 3-700(C)(1)(d), allows withdrawal where a "client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Similarly, California Rule of Professional Conduct 1.16(b)(5) allows withdrawal when a client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;" *See Tabak v. Apple, Inc.*, No. 19-CV-02455-JST, 2021 WL 6332780, at *1–2 (N.D. Cal. Dec. 9, 2021).

Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). The attorney seeking withdrawal must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules of Prof'l Conduct, rule 1.16(d).

## IV. ARGUMENT

### A. Local Civil Rule 11-5 is Satisfied.

Following repeated failed attempts to salvage the relationship, Plaintiff's

5
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF YVONNE WILSON

1  Counsel gave written notice to Plaintiff of their intention to withdraw as Counsel on
2  July 7, 2022. DerOhannessian Declaration ¶ 9. Plaintiff's July 12, 2022 Opposition
3  to Defendant's Motion for Sanctions gave all parties written notice—reasonably in
4  advance—of Plaintiff's Counsel's intention to withdraw. *See* Dkt. No. 71. Since
5  this Motion for Withdrawal is not accompanied by substitute counsel or an
6  agreement by Plaintiff to appear *pro se*, Plaintiff's Counsel has (1) delivered to
7  Plaintiff electronic and physical versions of all papers served in this action, (2)
8  provided notice of all upcoming dates and deadlines, and (3) will continue to be
9  served by Defense counsel for forwarding purposes, "unless and until the client
10 appears by other counsel or pro se." As such, Civil Local Rule 11-5(b) is satisfied.

11 **B.   Withdrawal is Permissible Under the California Rules of Professional**
12 **Conduct.**

13 Good cause exists to grant the motion to withdraw where there is a breakdown
14 in the attorney-client relationship due to a client's failure to communicate or
15 cooperate with their counsel. *Holley v. Gilead Scis., Inc.,* No. 18CV06972JSTKAW,
16 2021 WL 6339046, at *2 (N.D. Cal. Apr. 7, 2021). Plaintiff's continued failure to
17 communication or cooperate with Plaintiff's Counsel is considered good cause to
18 grant this instant motion.

19 Since Plaintiff's nonappearance for her deposition, Plaintiff's Counsel has
20 made repeated attempts to salvage the attorney-client relationship. On June 16,
21 2022, Plaintiff's Counsel attempted to contact Plaintiff by email. DerOhannessian
22 Decl., at ¶ 5. Plaintiff did not respond. *Id*. On the morning of June 17, 2022, prior
23 to the 9:00 a.m. start time for the deposition, Plaintiff's Counsel, and her
24 administrative assistant, attempted to contact Plaintiff by telephone and email. *Id*.
25 Plaintiff did not respond. *Id*. When it became clear that Plaintiff was either running
26 late or would be unable to appear, Plaintiff's Counsel continued to make a sustained
27 effort to reach Plaintiff for answers. *Id., at ¶ 6.* Plaintiff's Counsel was unsuccessful
28 in these efforts and could not ascertain the reason for Plaintiff's nonappearance. *Id*.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1     Since June 15, 2022, Plaintiff has only answered one call from Plaintiff's Counsel. On June 27, 2022, Plaintiff's Counsel reached Plaintiff by telephone, sought the reason for Plaintiff's nonappearance, and advised Plaintiff of the utmost importance of complying with her duties as a putative class representative, as well as her obligations under the legal service agreement signed between Plaintiff and her counsel. *Id*., at ¶ 7. Plaintiff was asked to inform Plaintiff's Counsel of her intentions moving forward, by June 30, 2022; otherwise, Plaintiff's Counsel would seek to withdraw as her counsel of record. *Id*. On June 30, 2022, after receiving no word from Plaintiff, Plaintiff's Counsel called again and left a voicemail to follow up. *Id*., at ¶ 8.

On July 7, 2022, Plaintiff's Counsel sent Plaintiff a letter, via U.S. Mail and email, regarding (1) her breach of the service agreement, (2) the breakdown in communication between Plaintiff and Plaintiff's Counsel, and (3) Plaintiff's Counsel's intention to seek the Court's approval to withdraw as counsel of record for Plaintiff, unless Plaintiff provided a response by July 12, 2022. *Id*., at ¶ 9. The letter also advised Plaintiff to take steps to employ new counsel if she would no longer work with Plaintiff's Counsel. *Id*. Plaintiff's Counsel also delivered to Plaintiff electronic and physical copies of all relevant documents and papers from her case file as well as a list of all time-sensitive deadlines and upcoming hearing dates. *Id*.

Despite the continued efforts to salvage the attorney-client relationship, Plaintiff's Counsel has still not received any response from Plaintiff. *Id*., at ¶ 10. This breakdown in communication makes it impossible to continue with representation while also abiding by the Federal Rules of Civil Procedure and this Court's rules. Such a failure to communicate is also a breach of the legal service agreement between Plaintiff and Plaintiff's Counsel. Plaintiff's Counsel explained that breach to Plaintiff during their call on June 27, 2022 and in the July 7, 2022 letter to Plaintiff. For these reasons, Plaintiff's Counsel have met the requirements

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

under Rule 1.16(b)(4) and 1.16(b)(5).

### C. Plaintiff's Counsel Have Taken Reasonable Steps to Avoid Foreseeable Prejudice to the Rights of Their Client.

Despite meeting the requirements under Civil Local Rule 11-5(b) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(b)(5), an attorney may not withdraw before s/he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." Cal. Rules of Prof'l Conduct, rule 1.16(d).[1]

Plaintiff's Counsel has provided guidance and written notice to Plaintiff. Plaintiff was informed that seeking new counsel is imperative to protecting her rights moving forward. Plaintiff's Counsel has also filed an opposition to Defendant's Motion for Sanctions following her nonappearance. Dkt. No. 71. Plaintiff's Counsel repeatedly attempted to resolve the issues underlying Defendant's motion, prior to and since the filing, by offering to pay the costs incurred following Plaintiff's nonappearance, as declared in Defendant's first-filed Motion for Sanctions. Dkt. No. 64; see *Forrest v. State of California Dept. Of Corporations*, 150 Cal.App.4th 183, 194, 58 Cal.Rptr.3d 466 (2007) (withdrawal properly allowed where attorney declares, *inter alia*, that client refuses to follow his advice and continuing would pose an extreme financial hardship on him). In Plaintiff's opposition to that motion, Plaintiff's Counsel safeguards Plaintiff's individual claims which are at risk if terminating sanctions are granted.

Plaintiff's Counsel perceive no risk to Defendant, the only other litigant, nor any harm to the administration of justice or delay to the resolution of this case due

---

[1] Paragraph (e) of Rule 1.16 involves releasing "client materials and property," to the client, upon the client's request and refunding any fees or expenses, paid in advance, by the client, that are not earned or incurred. As referenced in Section IV-B of this Motion, Plaintiff has already delivered all client materials and property to the client, in electronic and physical forms—without any prompting from the client. Moreover, Plaintiff has not paid any fees or expenses to her counsel as this matter was taken on a contingency basis. Thus, compliance is satisfied.

to the granting of this matter.  Moreover, Plaintiff's Counsel sees no reasonable alternative in light of Plaintiff's refusal to communicate with her counsel. Plaintiff's Counsel has taken all possible steps to protect Plaintiff and her interests.  However, with no contact from Plaintiff herself, Plaintiff's Counsel will not be able to continue representation or effectively advocate for Plaintiff.

At this pre-certification stage of the litigation—where no prejudice will befall the putative class—leave for withdrawal as counsel is permissible. *Moore v. Addus HealthCare, Inc.*, No. 19-CV-01519-HSG, 2020 WL 127667, at *2 (N.D. Cal. Jan. 10, 2020).  Plaintiff was aware of her duties as a putative class representative and client per the legal services agreement; Plaintiff's Counsel reminded her of those duties and addressed her breach multiple times.  See *Herrera v. Serv. Emps. Int'l Union Loc. 87, Serv. Emps. Int'l Union*, No. CV 10-01888 RS, 2013 WL 12324403, at *2 (N.D. Cal. Sept. 13, 2013).

Plaintiff's counsel now files the instant motion nearly a month and half after giving advanced notice to Plaintiff and still receiving no response.  See *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). With no reasonable alternative but to seek withdrawal, Plaintiff's Counsel files this motion with a good faith belief that there is good cause for withdrawal. See Cal. Rules of Prof'l Conduct, rule 1.16(b)(10).

## V. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court allow Plaintiff's Counsel to withdraw as counsel of record for Plaintiff.

Date: August 17, 2022                **LAWYERS *for* JUSTICE, PC**

By: /s/ Talar DerOhannessian
　　Talar DerOhannessian
　　*Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF YVONNE WILSON