Edwin Aiwazian (Cal. State Bar No. 232943)
  *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
  *arby@calljustice.com*
Jacob Karczewski (Cal. State Bar No. 268295)
  *jacob@calljustice.com*
Talar DerOhannessian (Cal. State Bar No. 311687)
  *talar@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
 Telephone:    (818) 265-1020
 Facsimile:    (818) 265-1021

*Attorneys for* Plaintiff Yvonne Wilson

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE WILSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZENITH AMERICAN SOLUTIONS, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 4:20-cv-05617-JST<br><br>Honorable Jon S. Tigar<br><br>**<u>CLASS ACTION</u>**<br><br>**DECLARATION OF TALAR DEROHANNESSIAN IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Date:           November 17, 2022<br>Time:          2:00 p.m.<br>Courtroom:  6  (2nd Floor)<br><br>Complaint Filed:  June 16, 2020<br>SAC Filed:           July 23, 2021<br>Trial Date:          Not Set |

# DECLARATION OF TALAR DEROHANNESSIAN

I, Talar DerOhannessian, declare as follows:

1. I am an attorney fully licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California. I am a member of Lawyers *for* Justice, PC, counsel for Plaintiff Yvonne Wilson ("Plaintiff") in this case. The facts set forth in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify as follows.

2. From the filing of this action and through June 15, 2022, Plaintiff and I remained in regular contact. There appeared to be no issues and I understood that Plaintiff would appear, as expected, in-person, for her deposition on June 17, 2022. Plaintiff and I had additional, privileged communications related to the deposition she would attend—the most recent of these communications was telephonic and occurred on June 15, 2022.

3. On one occasion, Plaintiff had a family emergency and had to travel out of the state when her deposition was to be taken, on May 6, 2022. She did not inform me or any of my colleagues that she would be travelling out of town and would no longer be available for the in-person deposition. When I found out, I immediately informed Defense Counsel and we rescheduled her deposition for June 17, 2022.

4. On June 16, 2022, I traveled from Los Angeles to Sacramento in order to defend Plaintiff's deposition.

5. I reached out to Plaintiff, via email, the night before, on June 16, 2022, as well as a half hour before the 9:00 a.m. start time of the deposition, but I did not hear back from Plaintiff.

6. When it became clear that Plaintiff was either running late or would be unable to appear, my administrative assistant (in Los Angeles) and I continued to make a sustained effort to reach Plaintiff for answers. Following the

nonappearance on June 17, 2022, my administrative assistant and I attempted to contact Plaintiff via telephone but I was ultimately unsuccessful in my efforts to reach Plaintiff. Unfortunately, these attempts were unsuccessful, and we did not ascertain the reason for Plaintiff's failure to appear. Since then, Plaintiff's Counsel has tried everything to salvage the attorney-client relationship, to no avail.

7. On June 27, 2022, Plaintiff's Counsel was finally successful in reaching Plaintiff telephonically. Plaintiff's Counsel, in an effort to salvage the attorney-client relationship, sought the reason for Plaintiff's nonappearance and advised Plaintiff of the utmost importance of complying with her duties as a putative class representative as well as her obligations under the legal service agreement signed between Plaintiff and her counsel. Plaintiff had until June 30, 2022 to inform our offices of her intentions moving forward or we would be seeking to withdraw as her counsel of record.

8. On June 30, 2022, after receiving no word from Plaintiff, Plaintiff's Counsel called and left a voicemail to follow up.

9. On July 7, 2022, our office mailed and email a letter to Plaintiff regarding her breach of the service agreement and the breakdown in communication between our firm and Plaintiff. This letter informed Plaintiff that we would seek to withdraw as her counsel of record unless we heard back from her on July 12, 2022. That letter advised her to take steps to employ new counsel if she would no longer work with our firm. The letter also provided her with a list of all time-sensitive deadlines and upcoming hearing dates. Along with that letter, our office delivered, to Plaintiff, electronic and physical copies of all relevant documents and papers from her case file.

10. To date, our office has received a response from Plaintiff. The reason for her nonappearance for her June 17, 2022 deposition remains unknown. Plaintiff's Counsel is left with no other alternative but to seek the Court's permission to withdraw as Counsel, via an anticipated Motion to Withdraw

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  pursuant to Local Rule 11- 5 and California Rules of Professional Conduct
2  1.16(b)(4) and 1.16(b)(5). There is good cause to allow withdrawal under these
3  circumstances.
4      11.   I declare under penalty of perjury under the laws of the State of
5  California and the United States of America that the foregoing is true and correct.
6  Executed on this 17th day of August 2022 at Glendale, California.

                                          /s/ *Talar DerOhannessian*
                                        Talar DerOhannessian